# PEOPLE v. ALBERT J. ADAMS.*

*Court of Appeals, November, 1903.*

(176 N. Y. 351; 17 N. Y. Crim. 558, affirmed *sub. nom.* Adams v. New York, 192 U. S. 585.)

PENAL CODE § 687A—CONSTITUTIONALITY OF.

> Section 687a of the Penal Code, providing for an indeterminate sentence in certain cases, is a merciful exercise of the legislative power, and is constitutional.

The cases cited by KEOGH, J., in the preceding case of ex rel. Clark (*supra*), were cited upon the People's brief in this Adams case, as was the additional case of Dreyer v. Illinois, 187 U. S. 71. So much of the opinion as touched the constitutionality of the indeterminate sentence is as follows:

BARTLETT, J.: . . . . . The appellant makes the further point, that the statute under which the defendant was sentenced to imprisonment for a term, the minimum of which shall be not less than one year, and the maximum shall be not more than one year and nine months, is unconstitutional.

Section 687a of the Penal Code was enacted in 1901, presumably in the interest of defendants who had never before been convicted of a felony. The fixing of a maximum and minimum sentence is to be considered in connection with the law relating to prisons (§§ 74 to 83, Birdseye's R. S. [3d ed.], vol. 2, pp. 2737, 2738, 2739.) In brief it is provided (§ 77), that the superintendent of State prisons shall cause to be kept a record of each prisoner therein confined upon an indeterminate sentence; and if it shall appear (§ 78) to the board of commissioners of paroled prisoners that there is a reasonable probability that such prisoner will live and remain at liberty

---

* Adams' subsequent application to get release upon habeas corpus was refused by KEOGH, J. See Peo. ex rel. Adams v. Johnson, *infra*, page 434.

without violating the law, the board is permitted to release him on parole after service of the minimum sentence; but until the expiration of the maximum term he is not absolutely discharged, and is liable to rearrest if he violates his parole. This is a merciful exercise of legislative power which has been repeatedly approved by the Supreme Court. This form of legislation has been sustained by the courts of many other states. The provisions to which attention has already been called, relating to the release of paroled prisoners, remove some of the objections urged by the appellant. The legislation complained of is constitutional and in the interest of the defendant who stands before the court charged with a first offense.