(70 Misc. Rep. 185.)

### PEOPLE v. KATZENSTEIN.

(Court of General Sessions, New York County. December, 1910.)

1. INDICTMENT AND INFORMATION (§ 144*)—MOTION TO DISMISS—GROUNDS.

That a statute has been violated in proceedings against one indicted for crime, or that some right guaranteed to one by the Constitution has been invaded, does not require the dismissal of the indictment unless the wrong done appears to have been connected in some way with the finding of the indictment, or the dismissal is required by the provisions of Code Cr. Proc. § 313, or the finding of it was an invasion of his constitutional prerogatives or an act of oppression or persecution.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

2. INDICTMENT AND INFORMATION (§ 144*)—MOTION TO DISMISS—GROUNDS.

The connection between the examination of defendant before a magistrate and the issuance by commissioners of accounts of a subpoena to him on the one hand, and the finding of an indictment against him on the other, is not so established as to authorize dismissal of the indictment by the circumstance that the charge in the indictment is the one on which he was examined before the magistrate, nor by the fact that the subject-matter of inquiry before the commissioners of accounts embraced the transaction on which the indictment rests, but it must appear that the act complained of influenced the finding of the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

3. INDICTMENT AND INFORMATION (§ 144*)—MOTION TO DISMISS—GROUNDS.

That a person is unlawfully arrested without a warrant on an unfounded charge which is abandoned when he is arraigned before the magistrate, that he is then charged with other crimes, and while hearings thereon are pending is required to attend and produce his books of account before the commissioners of account in an investigation involving the matters on which one of the charges is based, that when he appears with his books he is sworn over his objection and questioned till he declines to answer further because his answers might tend to criminate him, and that his refusal to answer may tend to prejudice him on a trial, in rendering more difficult the production of evidence of character in his behalf, does not authorize the setting aside of the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Simon Katzenstein was indicted for grand larceny and receiving stolen property knowing it to have been stolen. Heard on motion to set aside or dismiss the indictment. Denied.

Charles E. F. McCann, for the motion.
Charles S. Whitman, Dist. Atty., opposed.

CRAIN, J. This is a motion to set aside or dismiss an indictment which charges the defendant with the crimes of grand larceny in the second degree and criminally receiving stolen property, knowing the same to have been stolen.

The moving papers allege in substance that, before the finding of the indictment, the defendant was arrested by an officer acting at the instigation of the commissioners of accounts, without a warrant, on the charge of carrying meat through the street without a permit from the board of health; that this charge was unfounded and was abandoned when the defendant was arraigned before the magistrate; that he was then charged with the crimes of grand larceny in the second degree and attempted bribery; that while hearings upon such charges were pending he was served with a subpœna duces tecum, requiring him to attend and produce the books kept by him in his business before the commissioners of accounts, in an investigation then pending before them, involving, among other things, the matters upon which the charge against him of larceny was predicated; that he appeared before such commissioners pursuant to such subpœna and produced his books; that he protested against such books being opened by such commissioners, and they were not opened; that he objected to being sworn, but was sworn; that he was thereupon interrogated by such commissioners and answered questions to a point where he declined to answer on the ground that his answers might tend to incriminate him; that some 10 days afterward he was indicted, charged as above; that subsequently to the finding of the indictment the commissioners of accounts were required to produce, and did produce, the defendant's books before the grand jury; and that such books were afterward seen open in the office of the assistant district attorney who had conducted before the grand jury the inquiry which resulted in the defendant's indictment. An answering affidavit by such assistant district attorney is filed, alleging, in substance, that such books were not before the grand jury at the time of finding the indictment, and that their contents were not disclosed to such grand jury in connection with any charge against the defendant.

The defendant urges in support of his motion that the undisputed facts, as above disclosed, show that in several respects his rights were invaded. He specifies, as one of such invasions, his arrest without a warrant on the misdemeanor charge, and asserts that the illegality of such arrest is not cured by the shifting of the charge against him to one imputing the commission of felonies. He specifies as another such invasion the issuance and service upon him under the circumstances stated of the subpœna. He asserts that compelling him to be sworn under such subpœna was a further invasion of his rights. He asserts that compelling him to answer questions to a point where for protec-

tion he was required to assert his privilege to decline to answer fur-
ther invaded his rights, and he finally urges that the mere production
of his books before the grand jury which had already indicted him was
a further invasion. His contention is that these alleged invasions,
either separately considered or in their entirety, require, as matter of
law, the dismissal of the indictment.

Before an indictment can properly be dismissed, there must appear
to be either statutory or constitutional ground for its dismissal.

It may be conceded that the defendant's arrest under the charge as
made by the arresting officer was unlawful because made without a
warrant. It may be conceded that its unlawful character was not
changed by the subsequent preferment of other charges against the
defendant upon which he could have been lawfully arrested by an
officer without a warrant. It may be conceded that there was such a
relation between the charge as finally made against the defendant and
the matter under investigation by the commissioners of accounts that
the issuance by them of the subpœna referred to was under the cir-
cumstances an invasion of the defendant's rights. It may be conceded
that for this reason he could lawfully have refused obedience to it and
successfully resisted proceedings to punish him as for a contempt in
disobeying it. It may further be conceded that he could have pre-
vailed, had he moved the court to vacate and set it aside, and that he
was not required to appear and be sworn and answer to a point where
he could claim his privilege to decline to answer. And, finally, it may
be conceded that the course in fact pursued by him in being sworn and
declining to answer on the ground that to answer might tend to in-
criminate him may prejudice him upon a trial in rendering more diffi-
cult the production of character. or reputation evidence in his behalf.
But it does not follow that, because some statute has been violated in
the course of the proceedings against him or because some right guar-
anteed to him by the Constitution has been invaded, the indictment
found against him must be dismissed. It must appear that the wrong
to him was in some way connected with the finding of the indictment,
and that the dismissal of it as a consequence is either required by the
provisions of section 313 of the Code of Criminal Procedure, or be-
cause the finding of it was an invasion of his constitutional preroga-
tives or an act of oppression or persecution. People v. Glen, 173 N.
Y. 395, 66 N. E. 112. The moving papers fail to show the required
connection between the wrongs complained of and the finding of the
indictment, and such finding and such alleged wrongs are seemingly
unrelated.

The connection between the defendant's alleged causes of complaint
on the one hand and the finding of the indictment on the other is not
established by the circumstance that the charge in the indictment is the
one on which he was examined before the magistrate, nor yet by the
fact that the subject-matter of inquiry before the commissioners of
accounts embraced the transaction on which the indictment rests. To
establish such connection it must affirmatively appear that what the
defendant alleges was illegally or unconstitutionally done, and that of
which he complains influenced the finding of the indictment in the

sense that, without such alleged illegal or unconstitutional action, the indictment would not have been found. That is to say, the alleged wrongs of which the defendant complains must appear to have been at least a contributing cause to the finding of the indictment.

If the defendant had not been illegally arrested, as he asserts, but legally arrested; if he had not been wrongfully served with the subpœna, as he asserts, or, being served, had disobeyed and not obeyed it, or, disobeying it, had answered none of the questions which he did answer, or declined to answer no question on the ground upon which he did decline to answer some questions, or never had had his business books in the grand jury room or in the hands of the district attorney—non constat that he would not have been indicted just as he has been, for there is nothing to indicate that all or any of these circumstances were known to the grand jury, or, being known, that they or any of them operated upon their minds in the finding of the indictment.

Thus the arrest of the defendant without, rather than with, a warrant cannot be said to have been an operating circumstance in the finding of the indictment. Nor can the changing of the nature of the charge against him when he was before the magistrate, as it does not appear that he was held by the magistrate to await the action of the grand jury, but, on the contrary, that the indictment was found while the examination before the magistrate was pending. Nor can the issuance of the subpœna by the commissioners of accounts, nor its service upon him, nor his obedience to it, nor what he did before them, be said to have influenced the finding of the indictment, as the papers on the motion negative that these matters or any of them were brought to the attention of the grand jury. Nor can the production of his books before the grand jury be said to have affected the finding of the indictment, not only because it affirmatively appears that they were first taken to the grand jury room some time after the indictment was found, but because it also affirmatively appears that they were not opened in the presence of the grand jury or their contents made known to the grand jury until after the indictment was found, and then not in connection with any charge against the defendant.

There is no ground for inferring that there was not a sufficiency of legal evidence before the grand jury to warrant the finding of the indictment. Nor is there reason to believe that it rests upon illegal or incompetent testimony. Nothing is disclosed from which an inference should be drawn that the finding of it is tainted with either oppression or persecution, and it stands sustained by the presumption which exists in favor of its regularity and legality.

To hold that a mere illegal arrest by an officer, or an unlawful issuance of a subpœna by commissioners of accounts, or the omission of a defendant to avail himself of his more efficient remedies when so served, or a procurement and examination of a defendant's books by a district attorney subsequent to the finding of an indictment, render of themselves a defendant so proceeded against immune from indictment, would be a doctrine as novel as it is dangerous and as dangerous as it is unnecessary. It would confer upon subordinate ministerial officers a pardoning power, put a premium upon a defendant's omission to as-

sert and enforce his rights, and make his prosecution, contrary to the decisions, to depend upon the lawfulness of the means adopted by the officers of the law to obtain evidence against him. People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675.

The motion to dismiss the indictment is denied.