(90 Misc. Rep. 170.)

### PEOPLE v. MANDEL.

(Supreme Court, Special Term, New York County. April, 1915.)

1. BANKS AND BANKING ☞17—SUPERINTENDENT OF BANKS—RIGHTS AS RECEIVER.

Under the express provisions of Laws 1914, c. 369, § 57, the superintendent of banks had authority to take possession on August 3, 1914, of the business and property of a person engaged in business as a steamship ticket agent and receiving deposits of money, who had been indicted for receiving money as a private banker knowing himself to be insolvent, in violation of Penal Law (Consol. Laws, c. 40) § 295.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 21, 22; Dec. Dig. ☞17.]

2. COURTS ☞500—RECEIVER IN FEDERAL COURT—POSSESSION OF DOCUMENTS.

The lawfulness of the possession of a temporary receiver, appointed by a federal court, of the books and papers of the business of which he has taken charge pursuant to an order of that court, cannot be questioned on an application in a state court for an order directing that the district attorney return such books and papers obtained by him from the receiver.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408; Dec. Dig. ☞500.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CONSTITUTIONAL LAW ⟳251—SEARCHES AND SEIZURES ⟳7—RIGHTS AND IMMUNITIES—STATE AND FEDERAL COURTS.

The rights or immunities guaranteed by Const. U. S. Amends. 4 and 5, are rights and immunities against federal, but not against state, interference or abridgment.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 726, 727, 732; Dec. Dig. ⟳251; Searches and Seizures, Cent. Dig. § 5; Dec. Dig. ⟳7.]

4. CRIMINAL LAW ⟳393—PRIVILEGE OF ACCUSED—DOCUMENTS PROCURED WITHOUT PROCESS.

Books, papers, and documents obtained from the control of a defendant in a criminal case without the use of process against him as a witness, not being within the inhibition of Const. art. 1, § 6, which protects him from being compelled to be a witness against himself, may be used in evidence against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 871–874; Dec. Dig. ⟳393.]

Adolph Mandel was indicted for receiving a deposit as a private banker when he knew he was insolvent, and applies for an order directing the district attorney of the county of New York to return all books, papers, etc., obtained by him from the superintendent of banks. Motion denied.

Charles A. Perkins, Dist. Atty., of New York City, for the People.
Berger, Diamond & Abrahams, of New York City, for defendant.

PAGE, J.   The defendant for many years was, prior to August 3, 1914, engaged in business at No. 155 Rivington street, in this county, as a steamship ticket agent, and received deposits of money both for transmission and subject to withdrawal on demand.   On August 3, 1914, the superintendent of banks took possession of the business and property of the defendant, together with his books, papers, and memoranda.   On November 11, 1914, a petition of involuntary bankruptcy having been filed in the United States District Court, Eugene Lamb Richards, the superintendent of banks, was appointed by said court temporary receiver of the defendant, and is now in possession as such receiver of the books, papers, and memoranda of the defendant. There have been found four indictments against the defendant, and one, charging violation of section 295 of the Penal Law—i. e., receiving a deposit as a private banker when he knew he was insolvent— has been set for trial in this court on April 12, 1914.   On that trial the district attorney practically concedes that Eugene Lamb Richards will permit the use by the district attorney of certain of the books, papers, and memoranda as evidence to establish defendant's insolvency and defendant's knowledge of insolvency, and that the district attorney intends to so use them.

[1, 2] This is an application by the defendant for an order directing the district attorney of the county of New York to return to the defendant, or to Eugene Lamb Richards, the temporary receiver of the defendant, all the books, papers, checks, records, memoranda, and paper writings of every description whatsoever now in possession of the district attorney of the county of New York, and obtained by him from the said Eugene Lamb Richards, which property, it is claimed

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the defendant, is his own personal private property, and, further, that the district attorney of New York county be restrained from in any manner using the said books, papers, checks, records, memoranda, or any copies thereof, or any excerpts therefrom, or any information obtained therefrom, on the trial of the indictments now pending against the defendant, or in any criminal proceeding now pending or at any time to be brought against the said Adolph Mandel in this court.

In support of this application the defendant contends, first, that the superintendent of banks had no power or right to take possession of the place of business of the defendant and was not entitled to the possession of any of his books and papers. Without reviewing the ingenious argument of counsel, I am of opinion that his contention is not well founded. Section 57 of chapter 369 of the Laws of 1914 was in full force and effect and applicable to the defendant on the 3d day of August, 1914, and by virtue thereof the superintendent of banks legally took possession of the defendant's business and property. The lawfulness of the possession of the temporary receiver of the United States District Court of the books and papers pursuant to an order of that court cannot be questioned on this application.

[3] Second. The defendant contends that the turning over of the defendant's books, papers, and memoranda to the district attorney and the contemplated use of them upon the trial violates the defendant's constitutional rights and immunities. In support of his contention he invokes the fourth and fifth amendments to the United States Constitution and section 6 of article 1 of the New York state Constitution. The fourth and fifth amendments to the Constitution of the United States are binding only upon the federal government and its agencies, and not a limitation upon any of the states. The rights or immunities which it creates, therefore, are rights and immunities against federal, but not against state, interference or abridgment. Twining v. New Jersey, 211 U. S. 78, 88, 29 Sup. Ct. 14, 53 L. Ed. 97; People v. Adams, 176 N. Y. 351, 356, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675.

[4] The question remains: By the contemplated use of these books and papers, is the defendant compelled in a criminal case to be a witness against himself in violation of the inhibition of article 1, section 6, of the state Constitution? It will be observed that it is not alleged that the defendant has been subpœnaed, nor has any testimonial process been issued whereby he could be compelled to be a witness, nor any process whereby he would be required to produce books and papers in his possession. Nor was any process of search and seizure issued for the purpose of securing his books and papers for use against him on the trial. There is, therefore, no compulsion for the defendant in any sense to be a witness against himself. "The history of the constitutional provision referred to clearly demonstrates that it was not intended to reach a case like this. The main purpose of the provision was to prohibit the compulsory oral examination of prisoners before trial, or upon trial, for the purpose of extorting unwilling confessions, or declarations implicating them in crime." Earl, J., in People v. Gardner, 144 N. Y. 119, 128, 38 N. E. 1003, 28 L. R. A.

699, 43 Am. St. Rep. 741. To extend this wise and salutary principle to surround, not alone the defendant, but his books, papers, and memoranda, with the constitutional protection, so that they may not bear witness against him, seems to me absurd and unreasonable.

Defendant's counsel contends that this question has never been squarely raised and determined in this state; that in People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675, and in People v. Spiegel, 143 N. Y. 107, 38 N. E. 284, the question was not properly presented, in that in the first the court held that the question of how the papers came into the possession of the district attorney was a collateral issue, which would not be litigated upon the trial. That may be so as to the question of search for and seizure of papers, but that criticism does not apply to the court's determination of the constitutional question. See 176 N. Y. 358, 359, 68 N. E. 638, 639 (63 L. R. A. 406, 98 Am. St. Rep. 675). In the second it is true that the court determined that, as no objection to the admission of the books was urged below, it would not be considered upon appeal, and this renders any remarks in the opinion as to what would have been the effect of such objection obiter dicta. In my opinion the law in this state is settled that the provision in the Constitution that "no person * * * shall be compelled in any criminal case to be a witness against himself" protects a person from any disclosure sought by legal process against him as a witness; that he cannot be compelled to produce books, papers, and documents, by subpœna, order for production or any process which treats him as a witness, but that books, papers, and documents obtained from the person's control without the use of process against him as a witness are not within the scope of the privilege and may be used evidently against him. See Wigm. Ev. §§ 2263, 2264.

The motion is therefore in all things denied.

Motion denied.