## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### January 20, 1922.

## THE PEOPLE v. ISAAC E. FERGUSON AND CHARLES E. RUTHENBERG.*

(199 App. Div. 642.)

(1) CRIMINAL ANARCHY—JOINT INDICTMENT OF DEFENDANTS—PENAL LAW, §§ 160, 161, FOR PUBLICATION OF MANIFESTO IN REVOLUTIONARY AGE— CHARGE IN WORDS OF PENAL LAW, § 164, THAT ALL ENGAGED IN PUBLICA- TION ARE CHARGEABLE THEREWITH UNLESS PUBLICATION DISAVOWED NOT IMPROPER.

On a prosecution of the defendants indicted jointly for criminal anarchy, based on the violation of sections 160 and 161 of the Penal Law by the publication and circulation of a manifesto in a paper known as the *Revolutionary Age*, it was not error for the court to instruct the jury that they were to consider the provisions of section 164 of the Penal Law, which the court read, without, however, stating that it was said section of the Penal Law, and which, in effect, provides that every editor or pro- prietor of a book, newspaper or serial is chargeable with the publication of any matter contained therein, but that the defendants may show in defense that the matter complained of was published without their knowledge, and that the act of publication was disavowed by them as soon as known.

(2) SAME.

Said section is merely a rule of evidence which *prima facie* makes an editor or manager liable for publication, but the presumption may be rebutted, and, therefore, the reading of the section did not operate as if it were a count in the indictment.

(3) SAME—CHARGE THAT WHERE SEVERAL UNITE FOR SPECIFIC PURPOSE EACH IS CHARGEABLE WITH ACTS OF OTHERS NOT IMPROPER.

While the indictment does not charge conspiracy, it does charge that each of the persons named as defendant committed the crime of criminal anarchy by means of the publication and circulation of the manifesto in the issue of the *Revolutionary Age*, and, therefore, it was not error for the court to charge the rule of law that if a number of persons united

* Reversed 234 N. Y. 159, *postea*.

together to accomplish a specific purpose, all the acts of all the persons so uniting for the accomplishment of the purpose are chargeable against all the persons so united; the charge did not mean that the defendants were indicted for the specific crime of conspiracy.

(4) SAME—TRIAL JUDGE DOES NOT ABUSE DISCRETION IN EXAMINING WITNESS WHERE IT DOES NOT PREJUDICE THE RIGHTS OF DEFENDANT.

A trial judge acts within his province in examining witnesses for the purpose of eliciting evidence which has not been brought out, and he also may properly caution and admonish witnesses, provided that it is done in such a manner as not to prejudice the rights of the defendant. The trial court did not exceed the bounds of propriety in participating in the examination and cross-examination of witnesses and in making comments.

APPEAL by the defendants, Isaac E. Ferguson and another, from a judgment of the Supreme Court, New York county, rendered against them on the 29th day of October, 1920, convicting them of the crime of criminal anarchy under sections 160 and 161 of the Penal Law.

*Joseph R. Brodsky (Isaac Edward Ferguson, of counsel; Benjamin C. Bachrach with him on the brief), for the appellants.*

*Edward Swann, District Attorney (John Caldwell Myers, of counsel; John F. O'Neil with him on the brief), for the respondent.*

GREENBAUM, J.:

The defendants were jointly indicted with several other persons including one Benjamin Gitlow. The indictment was based upon a document called a manifesto, issued by the left wing section of the Socialist party, and published on or about July 5, 1919, in an issue of a periodical known as the *Revolutionary Age.* The defendants secured a trial separate from the other defendants, and they were jointly tried. Benjamin Gitlow was convicted and his conviction affirmed by this court. (People v. Gitlow, 195 App. Div. 773.) Gitlow and the de-

fendants were members of the national council of the left wing of the Socialist party, which owned and controlled the *Revolutionary Age,* of which Gitlow was the business manager. Ferguson and Ruthenberg were delegates to the left wing conference, which was held in New York city, and active members of the manifesto and program committee.     Ruthenberg signed the call for the conference.   Ferguson reported the left wing program to the conference.   Each of the defendants was elected a member of the national council to control the affairs of the left wing section, issue propaganda, circulate the manifesto, place the program before the rank and file of the organization, and secure the approval of the manifesto by various individuals.   The left wing manifesto was referred to the national council on motion made by Ferguson, who was also elected national secretary of the national council.   Each of the defendants read the July 5, 1919, issue of the *Revolutionary Age.*

The indictment contained three counts.   The trial proceeded, however, on two counts, the third having been withdrawn, and the jury found both defendants guilty on both counts.   The opinion of the court in the Gitlow Case (supra) recites with much detail the circumstances leading up to the organization and conference of the left wing section of the Socialist party, which was organized on a Communist basis.   It also fully describes the manifesto and other important facts, as developed upon the trial, and discusses the various legal contentions raised in behalf of the defendant Gitlow, which are also urged upon this appeal.

It would serve no useful purpose to discuss the legal propositions urged by the defendants as to the constitutionality of sections 160 and 161 of the Penal Law; the sufficiency of the indictment and the admissibility of testimony touching the Winnipeg strike, all of which were disposed of in the opinion in the Gitlow Case.   We shall, therefore, consider only such errors asserted by the appellants as were not involved in the

Gitlow Case.  The appellants claim error in that the jury were instructed that they might find appellants guilty of a violation of section 164 of the Penal Law, and that " a theory of guilt was thus declared which constituted a new count against the appellants, declared by the court, not by the grand jury."  It seems to us that the defendants entirely misapprehend the purpose and effect of section 164 and of the court's reference thereto.  It is true that the trial justice instructed the jury that they were to consider the provisions of section 164, which he read without, however, stating that it was section 164 of the Penal Law.  That section reads as follows: " Liability of editors and others.  Every editor or proprietor of a book, newspaper or serial and every manager of a partnership or incorporated association by which a book, newspaper or serial is issued, is chargeable with the publication of any matter contained in such book, newspaper or serial.  But in every prosecution therefor, the defendant may show in his defense that the matter complained of was published without his knowledge or fault and against his wishes, by another who had no authority from him to make the publication and whose act was disavowed by him so soon as known."

It is manifest that the effect of the court's reading that section could only have been that the defendants, as editors or persons in charge of the publication, are deemed presumptively chargeable with the knowledge of the publication of the manifesto under which the indictment was based, and that such presumption of knowledge might be overcome by the defendants by showing that the publication complained of was published without their knowledge or fault and against their wishes by someone who had no authority from them to make the publication, and whose acts were disavowed by them as soon as known.

In other words, the section states merely a rule of evidence which *prima facie* made an editor or manager liable for a publication, which the defendants, however, could rebut by a

27

disavowal and lack of knowledge thereof as set forth in that section.   " ' It cannot be disputed that the courts of this and other States are committed to the general principle that even in criminal prosecutions the Legislature may, with some limitations, enact that when certain facts have been proved they shall be *prima facie* evidence of the existence of the main fact in question.' "   (People v. Adams, 176 N. Y. 351, 361; affd., *sub nom.* Adams v. New York, 192 U. S. 585, 599.)

It thus follows that the reading of that section did not operate as if it were a count in the indictment, but was merely a rule of evidence.   In this connection it may be proper to quote the masthead of the *Revolutionary Age,* which reads as follows:

" ' THE REVOLUTIONARY AGE '
Combined with the New York ' Communist '

NATIONAL ORGAN OF THE LEFT WING SECTION,
SOCIALIST PARTY

LOUIS C. FRAINA, EDITOR,
EADMONN MACALPINE, MANAGING EDITOR

Owned and Controlled by the Left Wing Section
of the Socialist Party

NATIONAL COUNCIL

| | |
|---|---|
| John Ballam | C. E. Ruthenberg |
| Max Cohen | Benjamin Gitlow |
| James Larkin | I. E. Ferguson |

Bertram D. Wolfe
I. E. Ferguson, National Secretary

Issued Weekly.   B. Gitlow, Business Manager
5c a copy.   Six months, $1.50.   One year, $3.00
43 West 29th Street, New York City."

Defendants also insist that the trial court erred in charging the rule of law that " if a number of persons unite together to accomplish a specific purpose, all the acts of all the persons so uniting together for the accomplishment of the purpose are chargeable against all the persons so united; that each act of one is chargeable against the other, and it is the claim of the prosecution that all those who participated in the Left Wing conference, which was called to carry out the purposes of, the Left Wing Manifesto of the Greater New York Local, are chargeable with everything that followed that, so long as it was within the purposes of the conference."

The appellants contend that they were held liable as if they had been indicted for the crime of conspiracy, and that " the indictment charges no conspiracy whatever, but joint action of the accused in accomplished advocacy and publication." Upon appellants' request, the court charged additionally as follows: " In the case of each defendant you must acquit the defendant unless you are convinced beyond a reasonable doubt that such defendant either directly participated in action constituting the offense charged, or aided or abetted or counselled or commanded or induced or procured the commission of such action by another.  That I charge you, gentlemen, in connection with what I have already charged, that if parties unite for any purpose, in the accomplishment of that common purpose the acts of each are chargeable against all."

It is true that the indictment does not charge conspiracy, but it does charge that each of the persons named in the indictment as a defendant committed the crime of criminal anarchy by means of the publication and circulation of the manifesto in the July 5, 1919, issue of the *Revolutionary Age*.

It is manifest that the defendants misconceive the purpose and effect of the instruction as to conspiracy.  The charge did not mean that the defendants were indicted for the specific crime of conspiracy.  In People v. McKane (143 N. Y. 455, 470) the defendant was indicted jointly with inspectors of

election, constituting a board of registry, for the wilful violation of the provisions of section 33 of the Election Law (Gen. Laws, chap. 6; Laws of 1892, chap. 680), which directs the inspectors to make three copies of the register of voters and requires that the register and copies shall at all reasonable hours be accessible to the public for examination or for making copies thereof. The defendant, who was not a member of the board of registry, was charged with wilfully and feloniously procuring by his aid, counsel, command and assistance, the inspectors to conceal the lists and to refuse the public access thereto. The defendant was tried separately. No conspiracy was charged in the indictment. The court held that it was unnecessary to charge conspiracy in the indictment, saying that " when a conspiracy is shown, or evidence on the subject given sufficient for the jury, then the acts and declarations of the conspirators, in furtherance of its purpose and object, are competent, and in a case like this it is not necessary, in order to make such proof competent, that the conspiracy should be charged in the indictment." (Citing numerous authorities.)

This rule of evidence was approved in People v. Becker (215 N. Y. 126, 148).

The appellants also assert hostile and prejudicial conduct on the part of the trial court. It is contended that the court was unduly active in participating in the examination and cross-examination of witness and in making comments. A reading of the testimony does not indicate an undue participation in the examination of witnesses on the part of the court. A trial judge acts within his province in examining witnesses for the purpose of eliciting evidence which has not been brought out, and he also may properly caution and admonish witnesses, provided, of course, that it is done in such a manner as not to prejudice the rights of a party. We do not think that the trial court exceeded the bounds of propriety in the respects indicated. The charge of the court was exhaustive, and it indicated an impartial desire on its part to safeguard the legal rights of the

defendants by fully explaining to the jury the proofs which the law regards must be established before the defendants may be found guilty.

There is no alternative but to affirm the judgment. The judgment is affirmed.

CLARKE, P. J., SMITH, PAGE, and MERRELL, JJ., concur.

Judgment affirmed.