THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MURRAY RICHER, Defendant.

County Court, Bronx County, June 10, 1926.

Crimes — evidence — application to restrain use of revolver belonging to defendant as evidence and for return thereof — weapon seized by police in defendant's home without consent and without search warrant — district attorney not required to return weapon though illegally seized — weapon may be used as evidence notwithstanding provisions of State Constitution, art. 1, § 6, and Civil Rights Law, § 8 — defendant may have civil redress against officer making search — Federal decisions interpreting Fourth and Fifth Amendments to U. S. Constitution not applicable.

The defendant who was arrested upon the charge of violating section 1897 of the Penal Law as a felony, cannot compel the district attorney to return a revolver seized in defendant's home by the police after his arrest, in the absence of defendant, without his consent and without a search warrant, nor is he entitled to an order restraining the district attorney from using the weapon as evidence against him upon the trial, notwithstanding the fact that the weapon was illegally seized in violation of section 6 of article 1 of the State Constitution and section 8 of the Civil Rights Law, since there is no statute in this State which requires the return of evidences of a crime, though they be illegally obtained.

If there has been an illegal invasion of defendant's rights, a trespass was committed, but plaintiff's remedy lies in an independent proceeding against the officers who made the unlawful search and seizure.

The rulings in the Federal courts arising from their interpretation of the Fourth and Fifth Amendments to the United States Constitution are not binding upon the interpretations by courts of this State of section 8 of the Civil Rights Law or section 6 of article 1 of the State Constitution.

MOTION made in advance of the trial of defendant upon the charge of violating section 1897 of the Penal Law as a felony, for the return of a revolver obtained from defendant's home, and for an order restraining the district attorney and the police commissioner of the city of New York from using this evidence against the defendant upon the trial.

*John E. McGeehan, District Attorney, Albert H. Henderson, Assistant District Attorney,* for the People.

*William Lyman,* for the defendant.

COHN, J. This is a motion made in advance of the trial of this defendant upon the charge of violating section 1897 of the Penal Law as a felony, for the return of a revolver obtained from the defendant's home, and for an order restraining the district attorney and the police commissioner of the city of New York from using this evidence against the defendant upon the trial.

On June 26, 1925, the defendant was arrested upon another charge. Subsequent to this arrest, police officers, in the absence of the defendant, without his consent and without a search warrant, searched the defendant's home and there found this weapon. The defendant, on this motion, urges (1) that this revolver should be returned to him because it was obtained from him in violation of article 1, section 6, of the New York State Constitution and of the Fifth Amendment of the United States Constitution, and (2) that the district attorney be prohibited from using this evidence against the defendant because it has been unlawfully seized.

It is now well settled that the Fifth Amendment to the Constitution of the United States limits only the powers of the Federal government and its agencies and that the rule laid down in the Federal courts with respect to the Fifth Amendment to the United States Constitution has no binding force on the procedure in State courts. (*Twining* v. *New Jersey,* 211 U. S. 78; *Ensign* v. *Pennsylvania,* 227 id. 592; *Slaughter-House Cases,* 83 id. 36; *People* v. *Defore,* 242 N. Y. 13, 20, affg. 213 App. Div. 643.) The Fifth Amendment of the Constitution of the United States is embodied in article 1, section 6, of the New York State Constitution.

Our highest court has uniformly held that where evidence has been unlawfully obtained, the defendant is not in any legal sense called upon to be a witness against himself. (*People* v. *Adams,* 176 N. Y. 351, 358; *People* v. *Chiagles,* 237 id. 193; *People* v. *Defore, supra,* 25.)

Section 8 of the Civil Rights Law of this State (as amd. by Laws of 1923, chap. 80), which in substance incorporates the Fourth Amendment to the Federal Constitution, reads as follows: " The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants can issue but upon probable cause supported by oath or affirmation; and particularly describing the place to be searched, and the persons or things to be seized."

This weapon may have been obtained in violation of this statute.

If there has been such an illegal invasion of the rights of the defendant, a trespass was committed, the remedy for which is an independent proceeding against the officers who made the unlawful search and seizure. (*People* v. *Defore, supra*; *People* v. *Adams, supra*.) Although the search is prohibited by statute, the fruits of the search are not by statute prohibited from being used as evidence. No law exists on our statute books requiring the return of evidences of a crime, even though illegally obtained. In a very learned and lucid opinion, Judge CARDOZO in *People* v. *Defore* (*supra*) epitomizes the reasons for the law as follows (p. 23): " The pettiest peace officer would have it in his power through overzeal or indiscretion to confer immunity upon an offender for crimes the most flagitious. A room is searched against the law, and the body of a murdered man is found. If the place of discovery may not be proved, the other circumstances may be insufficient to connect the defendant with the crime. The privacy of the home has been infringed, and the murderer goes free. Another search, once more against the law, discloses counterfeit money or the implements of forgery. The absence of a warrant means the freedom of the forger. Like instances can be multiplied." And again (at p. 25) in the same opinion: " The weapon discovered through this search was an implement of crime. It was not the kind of thing to be protected against prying inquisition. It was a thing to be ferreted out and brought to light and, when found, wrested from the holder (Code Crim. Pro. § 792). There is no relation in such circumstances between the absence of a search warrant and the constitutional immunity against involuntary disclosure."

Counsel for the defendant, with commendable zeal, has referred the court to numerous authorities which tend to support his contention, but the authorities cited are either Federal cases, or citations from opinions in courts of original jurisdiction in this State.

As already indicated, the rulings in the Federal courts arising from their interpretation of the Fourth and Fifth Amendments to the United States Constitution cannot in any sense be regarded as binding upon the interpretations by courts of this State of section 8 of the Civil Rights Law on article 1, section 6, of the New York State Constitution.

An examination of the authorities cited by defendant's counsel arising in the courts of this State contain dicta and determinations somewhat at variance with the law as laid down in *People* v. *Adams* (*supra*) and most recently in *People* v. *Defore* (*supra*). A proper observance of the rule of *stare decisis*, however, makes imperative a denial of this motion.

Motion denied. Submit order.