THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE HAWKINS, Defendant.

County Court, Niagara County, July 5, 1928.

Crimes — evidence — motion to compel return of property seized and to restrain use thereof as evidence — motion made on ground that seizure was in violation of Civil Rights Law, § 8, and U. S. Const. 14th Amendment — motion is denied.

The motion by the defendant to compel the return of two slot machines seized by police officers without a search warrant and to restrain the use of the machines as evidence, is denied.

The contention by the defendant that the seizure violated section 8 of the Civil Rights Law and the Fourteenth Amendment of the United States Constitution, is correct, but the fact that the seizure was illegal does not justify the return of the property or the suppression of the evidence, since the slot machines themselves were illegal and were subject to seizure wherever found.

MOTION by defendant for return of property seized without search warrant and to prohibit use against defendant of evidence obtained by said alleged unlawful search and seizure.

*Raymond A. Knowles, District Attorney* [*Edmund D. O'Brien, Assistant District Attorney*, of counsel], for the plaintiff.

*Joseph D'Amato,* for the defendant.

GOLD, J. On the 27th day of April, 1928, two slot machines were seized by certain police officers in the city of Niagara Falls while in the possession of the International Social Club of said city.

It is claimed by the petitioner that the officers seized said machines illegally by means of an illegal search and seizure owing to the fact that no search warrant had been issued. The petitioner asks that the superintendent of police of the city of Niagara Falls, or his subordinates, who have the custody and control of said machines, be directed to immediately return the same to the defendant, and further asks that they be prohibited from making any use against the defendant of evidence obtained by the said alleged unlawful search and seizure.

It is claimed by the petitioner that the officers searched the premises and did discover and remove the said slot machines from the club rooms in violation of section 8 of the Civil Rights Law of the State of New York and of the Fourteenth Amendment of the Constitution of the United States.

Said section 8 of the Civil Rights Law (as amd. by Laws of 1923, chap. 80) provides as follows: " The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The points involved in the present case were very fully discussed in People v. Defore (242 N. Y. 13).

In the case above referred to, " A police officer arrested the defendant on a charge that he had stolen an overcoat. The crime, if committed, was petit larceny, a misdemeanor, for the value of the coat was not over fifty dollars. * * * The defendant when taken into custody was in the hall of his boarding house. The officer after making the arrest entered the defendant's room and searched it. The search produced a bag, and in the bag was a blackjack. * * * He made a motion before trial to suppress the evidence obtained through search without a warrant. The motion was denied. He made objection again upon the trial when the bag and the contents, i. e., the blackjack and a hat, were offered in evidence by the People. The objection was overruled. He contends that through these rulings he has suffered a denial of his rights under the statute against unreasonable search and seizure * * *; a denial of his rights under the provision of the State Constitution which gives immunity against compulsory self-incrimination * * * and a denial of his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States."

Discussing the above case the learned judge, now Chief Judge, states: " The search was unreasonable ' in the light of common law

County Court, Niagara County, July, 1928.　　　[Vol. 132

traditions' * * *. Means unlawful in their inception do not become lawful by relation when suspicion ripens into discovery. We hold, then, with the defendant that the evidence against him was the outcome of a trespass."

The court then stated: " We must determine whether evidence of criminality, procured by an act of trespass, is to be rejected as incompetent for the misconduct of the trespasser.

" The question is not a new one. It was put to us more than twenty years ago in *People* v. *Adams* (176 N. Y. 351), and there deliberately answered. A search warrant had been issued against the proprietor of a gambling house for the seizure of gambling implements. The police did not confine themselves to the things stated in the warrant. Without authority of law, they seized the defendant's books and papers. We held that the documents did not cease to be competent evidence against him though the seizure was unlawful. * * * On appeal to the Supreme Court, the judgment was affirmed (*Adams* v. *N. Y.*, 192 U. S. 585)."

With reference to the second claim of the petitioner the subject-matter was also discussed in *People* v. *Defore*, to wit: " No person shall be * * * compelled in any criminal case to be a witness against himself."

The court held as follows: " The weapon discovered through this search was an implement of crime. It was not the kind of thing to be protected against prying inquisition. It was a thing to be ferreted out and brought to light and, when found, wrested from the holder (Code Crim. Pro. sec. 792). There is no relation in such circumstances between the absence of a search warrant and the constitutional immunity against involuntary disclosure. The production of the weapon would have been just as incriminatory and just as involuntary if a warrant had been issued. The law, in providing for the warrant, does not proceed upon the theory that the defendant will thereby be protected against disclosing his own crime. On the contrary, the very object of the warrant is to compel him to disclose it. Things outlawed or contraband, possessed without right and subject upon seizure to forfeiture or destruction, may be offered in evidence without trenching upon the privilege in respect of self-incrimination whether seizure has been made with warrant or without."

The motion is, therefore, denied.