THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRITZ KUHN, Defendant.

Court of General Sessions of County of New York, November 1, 1939.

*Thomas E. Dewey, District Attorney* [*Herman J. McCarthy, Assistant District Attorney,* of counsel], for the plaintiff.

*Peter L. F. Sabbatino,* for the defendant.

STREIT, J. The defendant moves to suppress certain documents, data, books and papers now in the possession of the district attorney, to restrain him from using any of them as evidence against the defendant, and to return these books and papers to the defendant, upon the ground that such documents, data, books and papers were illegally obtained by the district attorney and without the defendant's knowledge, permission or consent, contending that the seizure of such documents, data, books and papers was in violation of section 12 of article 1 of the new Constitution of the State of New York.

In support of this motion, the defendant has submitted eight affidavits, some of which refer to the manner in which the books and papers were seized, and others having no relation to the application at hand.

The district attorney has filed affidavits wherein he alleges that these books and papers are not the property of the defendant but that of the German American Bund, and that any property taken, was with the tacit approval of the officers of the bund after subpœnas *duces tecum* had been served upon them.

It is the defendant's contention that section 12 of article 1 of the Constitution adopted by the People at the election of November 8, 1938, and in effect January 1, 1939, prohibits the introduction in evidence of any property seized in violation of this section.

The issues as to the manner and circumstances under which the district attorney acquired this property, as well as the title thereto, cannot be determined in this court, in view of the rule of law prevailing in the courts of this State.

Prior to the adoption of the new article 1 of the State Constitution, the rule was that evidence of the criminality, no matter how procured, did not cease to be competent evidence, though the seizure was unlawful.

The Constitutional Convention saw fit to take the old section 8 of the Civil Rights Law of this State and incorporate it into what is now section 12 of article 1 of the State Constitution.

The debate at the Constitutional Convention when this section was adopted indicates very clearly that no change of the rule of evidence permitting such property to be offered in evidence was intended. (N. Y. Constitutional Convention, 1938, Revised Record, vol. 1, pp. 354–602; vol. 2, pp. 820–827.)

The rule of law and the policy of this State remain the same as that laid down in *People* v. *Adams* (176 N. Y. 351, 358) and *People* v. *Defore* (242 id. 13), that is, that the court engaged in the trial of a criminal case will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property which are material and properly offered in evidence.

" ' The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it frame issues to determine that question.' " (*People* v. *Adams, supra,* 357.)

The motion is denied.