The People of the State of New York, Plaintiff, *v.* Joseph S. Fay, Edward Shinn, Edward G. Mayer, John A. Lawless, Thomas Fanning and Henry McArdle, Defendants.

Supreme Court, Extraordinary Term, Orange County, September 14, 1943.

*Warren H. Mayell, John J. Mooney* and *Robert J. Fitzsimmons* for defendants.

*Nathaniel L. Goldstein, Attorney-General* (*Edward G. O'Neill* of counsel), for plaintiff.

HEATH, J. This court is considering several motions by the defendants. All motions are denied except leave to withdraw the " not guilty " plea so that a demurrer may be interposed.

The indictment charges the defendants, as officials of a union, with extorting from workmen, not union members, certain sums per week for the privilege of working—i. e., the so-called

" permit system " allegedly common throughout the United States.

The statute involved is section 962 of the Penal Law:

" § 962. ' *Kick-back* ' *of wages prohibited.*

" 1. As used in this section, the term ' person ' shall include any firm, partnership, association, corporation or group of persons.

" 2. Whenever any workman who is engaged to perform labor shall be promised an agreed rate of wages for his services, be such promise in writing or oral, it shall be unlawful for any person, either for himself or any other person, to request, demand, or receive, either before or after such workman is engaged, a return, donation or contribution of any part or all of said workman's wages, salary, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such workman from procuring or retaining employment. Further, any person who directly or indirectly aids, requests or authorizes any other person to violate any of the provisions of this section shall be guilty of a violation of the provisions of this section.

" 3. Whenever an agreement between a bona fide labor organization and an employer or an association of employers requires that workmen shall be paid an agreed wage or rate of wages for their services, it shall be unlawful for any person, either for himself or any other person, to request, demand or receive, either before or after such workman is engaged, that such workman pay back, return, donate, contribute or give any part or all of said workman's wages, salary, or thing of value, to any person, upon the statement, representation or understanding that failure to comply with such request or demand will prevent such workman from procuring or retaining employment, and any person who directly or indirectly aids, requests or authorizes any other person to violate any of the provisions of this section shall be guilty of a violation of the provisions of this section.

" 4. The provisions of this section shall not apply to any agent or representative of a duly constituted labor organization acting in the collection of dues or assessments of such organization.

" 5. A violation of the provisions of this section shall constitute a misdemeanor." (As amd. by L. 1939, ch. 851, eff. June 13, 1939.)

*First,* defendants claim that because one of a membership corporation, i. e., of their union, appeared before the Grand

Jury with the corporate books, *all* members were thereby granted immunity. To this court such a proposition is ridiculous and no citations are necessary.

*Second,* the defendants claim that this court, constituting an Extraordinary Term of the Supreme Court by appointment of the Governor, has no jurisdiction of this indictment. This seems wrong, including the argument as to the Attorney-General's authority.

*Third,* the defendants' motions to inspect the Grand Jury minutes do not inspire this court to exercise its discretionary power.

*Fourth,* it is now agreed by the defense that a proper bill of particulars has been served.

*Fifth,* the question as to whether illegally obtained evidence nullifies an indictment or precludes the introduction thereof on trial has been irrevocably determined by the New York State Constitution and decisions of this State. Of course we begin with *People* v. *Adams* (176 N. Y. 351) and follow with *People* v. *Defore* (242 N. Y. 13), et cetera.

*Sixth,* the proposition stressed before this court was that section 962 of the Penal Law applies only to an employer.

Some Federal decisions have been cited. Frankly this court does not follow them. However, in section 962 we have an exception that clearly defines the law, i. e., the exception to those collecting dues and assessments, which means from *members* of a union.

This court is not concerned with the pros or cons of the "kick-back" system. This court must define and determine the language of a statute. Hence this court holds that this indictment is included within the language and intent of section 962 of the Penal Law.

This court believes that, in the main, the real question here presented is, may any union or any person on behalf of a union charge two dollars and fifty cents per week or any sum (may we call it a kick-back?) from a common laborer who cannot, or at least does not, become a member of a union, for the privilege of working?

This court has heard of the *padrone* system but is really not interested, since that question is for the Legislature.

A reading of section 962 of the Penal Law is this court's answer to the main problem.