Joseph A. Gavagan, J.
This is a motion to punish the Police Commissioner and the District Attorney, the respondents herein, for contempt for failure to comply with a prior order of this court. The alleged contempt flows from the acts of the respondents in making, retaining and using photostats and photographs of certain dental equipment, hypodermic syringe and notebooks after the respondents had been directed by the prior order to return the original equipment and notebooks to the petitioners. No reference was made in the prior order to photostats or photographs.
The material facts are undisputed. The police had seized this property immediately prior to the arrest of one of the petitioners for the illegal practice of dentistry and the illegal possession of a hypodermic syringe. The District Attorney has never denied that the seizure was illegal. After having photostats and photographs made, the respondents returned the seized property to the petitioners and retained the reproductions.
On the prior motion, my learned colleague found that the property had been unlawfully taken and directed that it be returned on the ground that there was no excuse for its retention. With this view I must disagree. To require the prosecuting authorities' to return illegally acquired evidence to a defendant during the pendency of a criminal action illogically increases the burden of the prosecution and invites the commission of a new crime: the destruction of evidence. There is a pending criminal action against one petitioner herein and the fact that the property had been obtained illegally would not affect its admissibility against him (People v. Adams, 176 N. Y. 351). So long as the law of this State remains unchanged in *802 this respect, there is no reason except in special circumstances (which are not present here) to return illegally seized property to a defendant during the pendency of a criminal action, if such property is otherwise admissible as evidence in that action. On the other hand, should the Legislature — in this new era of zealous vigilance of civil rights and of enlightened law enforcement —adopt the Federal rule and enact a statute which excludes evidence illegally obtained, then the necessity for illegal searches and seizures would tend to disappear, and there would be no need for motions similar to the one at bar.
In any event, no appeal was taken by the respondents from the decision and prior order of this court. The law of the casp has thus been determined, and the respondents are conclusively bound thereby. Implicit in the court’s direction to return the property illegally seized is a prohibition against retaining reproductions in any form of this property. I am constrained, therefore, to grant the motion to the extent of directing the respondents to turn over to the petitioners all photographs and photostats of the property obtained as a result of illegal search and seizure. This decision shall not bar the respondents from taking appropriate measures, if any, to secure the production of such property or reproductions thereof at the trial.