In the Matter of the Application of FRITZ HORSCHLER
for a Writ of Habeas Corpus.

(County Court, Richmond County, July, 1921.)

Habeas corpus — mere possession of intoxicating liquor does not
constitute a crime — when liquor cannot be seized without a
search warrant — constitutional rights — seizure of liquor
without search warrant unauthorized — Volstead Act — Laws
of 1921, chap. 155 — Code Crim. Pro. § 802-b, subds. 2, 6.

The mere possession of intoxicating liquor in and of itself
does not constitute a crime, and it may be seized only when it
is held in defiance of the Volstead Act or of chapter 155 of the
Laws of 1921.

While under subdivision 6 of section 802-b of the Code of
Criminal Procedure such a seizure can only be made without
a warrant where the unlawful possession of the alleged liquor
is "outside of a person's private dwelling" subdivision 2 of
the same section distinctly specifies the circumstances under
which a search warrant may be obtained.

A charge that on May 8, 1921, relator had in his possession
intoxicating liquor is not sustained by the evidence of police
officers who entered relator's home without a search warrant,
that they found and seized bottles therein which in their opinion
contained whiskey.

Both the entry into relator's premises and the seizure of the
liquor therein, without a warrant, and in a manner contrary
to the direction contained in subdivision 2 of section 802-b of
the Code of Criminal Procedure, were in violation of relator's
constitutional rights, and upon his conviction on such testimony,
of having liquor in his possession in violation of the Volstead
Act and chapter 155 of the Laws of 1921, he will be discharged
on habeas corpus.

APPLICATION for a writ of habeas corpus.

Joseph B. Handy, for petitioner.

John M. Braisted, assistant district attorney, for
the People.

County Court, Richmond County, July, 1921. [Vol. 116.

TIERNAN, J. The relator, Fritz Horschler, was charged on the 8th day of May, 1921, by Officer William Kronenbitter, with having in his possession, at the premises No. 2187 Richmond avenue, New Springville, S. I., N. Y., a certain glass of whiskey, a beverage containing more than one-half of one per centum of alcohol by volume; also one bottle containing whiskey, and two bottles containing sherry wine, which whiskey and wine were tasted by the said officer, and contained more than one-half of one per centum of alcohol by volume. An examination of the defendant was had before Honorable William T. Fetherston, magistrate in the Second District Court, Stapleton, N. Y., on the 13th day of May, 1921, and over objection made by counsel for the defendant, Officer Kronenbitter testified substantially as follows: That he entered the premises at the above address through a side door, leading from the porch into a large sitting room; that in the said room there were about seven tables and about four chairs attached to each table; that he entered the premises in company with Patrolman Feteroll, and that at the time they entered, the defendant's wife ran into a kitchen which adjoined this room, in which kitchen two men were standing, each man having a small glass in his hand, which contained an amber colored fluid; that the defendant was not present at that time; that he then went to the window of the kitchen and called in the defendant; that he lifted the window and took three bottles from outside the same; that he tasted the contents of the first bottle which contained a quantity of amber colored fluid, and after tasting it found it was whiskey; that a motion was made to strike out this part of the testimony which was granted, and then the following questions and answers were made: " Q. Have you tasted whiskey? A. Yes, sir. Q. Have you for some

time known the taste of whiskey? A. Yes, sir. Q. And you tasted this stuff that you found there? A. Yes, sir. Q. What in your opinion was it? ''

This was objected to on behalf of the defendant, upon the ground that the evidence showed that the premises were entered without a search warrant, and that whatever was found there could not be used in evidence against this defendant, as it is contrary to the Constitution of the United States, and of the State of New York. This objection was overruled and the following questions then asked by Mr. Braisted: '' Q. Go ahead with your story. A. I took two other bottles from outside of the window and tasted those two bottles, and they contained sherry wine.''

On motion of the defendant this evidence was stricken out and the following question was then asked: '' Q. Now, Officer, are you familiar with the taste of sherry wine? A. Yes, sir. Q. Have you been for some time? A. Yes, sir. Q. You tasted the contents of these two bottles? A. Yes. Q. What, in your opinion, did you find? ''

This question was objected to on the ground that the officer was not qualified to testify as to the contents, not the best evidence of the contents, and in violation of the defendant's constitutional rights. The objection was overruled and the witness made the following answer: ''A. Sherry wine.''

It subsequently appeared in the testimony that these premises which were formerly occupied as a licensed liquor saloon had been entered by the officer without a warrant. Officer Feteroll was then called as a witness and testified, after describing how he had entered the place, as follows: That he noticed a small glass containing amber colored fluid on the sideboard of the kitchen; that he seized and tasted the contents of that glass, and that it contained alcohol; he also testified

that he saw Officer Kronenbitter go to the window, raise the window, and take from outside the window three bottles.  " Q. Did you taste the contents?  A. I did."

This testimony was objected to on the grounds hereinbefore stated and the objection was overruled. The witness then continued his answer, and said that the two bottles contained sherry wine and one bottle contained whiskey.  The People thereupon rested and the defendant moved to dismiss the information, on the following grounds, viz.:

In the first place, there was no evidence that there was a violation of the state act, section 1212; that there was no proof of the possession of liquors, within the definition of the act; that there was no proof of any liquors being anywhere found by these officers on this occasion within the meaning of the act, and that the People had failed to make out a *prima facie* case. This motion was denied and exception taken.

By section 1210 of chapter 155 of the Laws of 1921 intoxicating liquors " are construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume."

The competency of the officers to testify that the bottles which they seized contained whiskey containing more than one-half of one per centum or more of alcohol by volume, was not established.  They could only testify that the contents of the bottles which they seized looked and tasted like whiskey, a liquid which was generally regarded as containing a greater amount of alcohol than that specified by section 1210, but unless that fact is established by competent evi-

dence a *prima facie* case is not made out.  This in
itself would be sufficient to justify sustaining the writ
but the defendant also made the objection that by
entering his premises and seizing his property with-
out first obtaining a search warrant, his constitutional
rights were violated.  In *Amos* v. *United States,*
255 U. S. 313, Mr. Justice Clarke held that prop-
erty seized in the search of a private home by gov-
ernment agents without warrant of any kind, in
plain violation of the United States Constitution,
Fourth and Fifth Amendments, should have been
returned to the owner on his petition, and that evi-
dence so seized could not be used on the trial against
him; citing also *Gouled* v. *United States,* 255 U. S.
298.  My attention, however, has been called by the
learned district attorney to the case of *People* v.
*Adams,* 176 N. Y. 351, where Mr. Justice Bartlett, in
writing the opinion of the court, held that the admis-
sion of the evidence on the trial of the indictment
under section 344a of the Penal Code, of private
papers and property belonging to the defendant,
alleged to have been unlawfully seized by public offi-
cers, and introduced in evidence, did not compel him
to become a witness aganst himself, in violation of
section 6, article 1 of the Constitution of the state
of New York.  That case, however, is distinguished
from the case at bar by section 974 of the Penal Law,
formerly section 344a of the Penal Code, where it is
provided that "A person who keeps, occupies or uses,
or permits to be kept, occupied or used, a place, build-
ing, room, table, establishment or apparatus for
policy playing or for the sale of what are commonly
called ' lottery policies '  *  *  *  or who shall have
in his possession, knowingly, any writing, paper or

document, representing or being a record of any chance, share or interest in numbers sold, drawn or to be drawn, or in what is commonly called ' policy,' or in the nature of a bet, wager or insurance, upon the drawing or drawn numbers of any public or private lottery * * * is a common gambler," and by section 975 of the Penal Law, formerly section 344b of the Penal Code, " The possession, by any person other than a public officer, of any writing, paper, * * * is presumptive evidence of possession thereof knowingly and in violation of the provisions of section nine hundred and seventy-four," and, therefore, may be seized by a public officer, either with or without a warrant.

The mere possession of liquor in and of itself does not constitute a crime, and it can only be seized when it is held in defiance of the provisions of the Volstead Act or chapter 155 of the Laws of 1921 of this state, and the legislature recognizing that fact distinctly specified the grounds upon and circumstances under which it may be seized. Subdivision 6, section 802b, chapter 5 (chap. 156, Laws of 1921), amending title 2, part 6 of the Code of Criminal Procedure, provides that such seizures can only be made without a warrant where the unlawful possession of the alleged liquor is outside of a person's private dwelling, while subdivision 2 of the same section distinctly specifies the circumstances under which a warrant may be obtained. It therefore appears, from a close analysis of these various subdivisions of this section that the legislature had the ruling of the Court of Appeals in the *Adams* case in mind when they inserted these provisions in the Penal Law, and these remedies having been provided subsequent to the decision in the *Adams* case, are controlling here. The entry of the defendant's premises and the seizure of his property

without a warrant, and in a manner contrary to the directions contained in the law, was illegal, and unlawful, and the motion to dismiss the information and discharge the defendant should have been granted. It therefore follows that the writ should be sustained and the relator discharged.

Writ sustained.