## .COUNTY COURT — SARATOGA COUNTY. .

### August, 1921.

## THE STATE OF NEW YORK v. ONE HUDSON CABRIOLET AUTO ET AL.

### (116 App. Div. 399.)

(1) INTOXICATING LIQUORS—WHEN SEIZURE OF INTOXICATING LIQUORS BY STATE POLICE UNAUTHORIZED—SEARCH WARRANT ISSUED AFTER SEIZURE OF NO AVAIL—RESTORATION.

After members of the State police had seized a quantity of intoxicating liquor, together with the automobile in which it was found, the county judge, upon their assertion that such was the practice usually employed by them, signed a document in the usual form of a search warrant. *Held*, that upon a petition of the owner for the return of the liquor, the proceeding must be determined upon the assumption that the search and seizure were without due process of law.

(2) SAME—RESTORATION.

Where in a proceeding for the return of the liquor so seized it appears that the evidence against the owner, who also had been arrested, had been secured in violation of the constitutional provision relating to

search and seizure, it is the duty of the court to order the goods and properties returned to the owner, thus restoring him to the status which was his at the time of the invasion of his constitutional rights, but without prejudice to any other proceeding which is or may be pending as the result of the arrest of the owner of the car.

PROCEEDINGS upon a petition for the return of intoxicating liquor, and the automobile in which it was being transported, seized without warrant or other process.

*J. W. Atkinson, Assistant District Attorney.*

*John C. Watson,* for claimant.

McKELVEY, J.:

On August 2, 1921, members of the State police made a search of an automobile operated by one Frederick Bloomingdale, and finding in the car a quantity of intoxicating liquors, seized the same, placing the owner of the car under arrest.

Later the officer applied to this court for signature to a document which they termed a search warrant, and which was in the usual form of such process, asserting that such was the practice usually employed by them. The court signed the paper, but, confessedly, a search warrant issued after seizure can amount to nothing, and this proceeding must, therefore, be determined upon the assumption that the search and seizure were without warrant or process of any kind.

Treating the warrant as a complaint, notice of hearing was served upon the alleged owner of the property seized; and, upon the return thereof, the claimant filed a document protesting against the jurisdiction of the court, asserting that the search and seizure were unlawful, and requesting that his property be restored. By consent this document has been treated not only as an objection to the jurisdiction of the court, but also as a petition for the return of the goods.

I have thus far taken no evidence in the proceeding, having

adjourned the same so that the issues raised by the preliminary objections might be determined.

The question of the authority of a peace officer to search and seize automobiles and other vehicles in the attempted enforcement of the statutes recently passed by the Legislature of this State in relation to the possession, sale and transportation of intoxicating liquors is of vital import at the present time. It is insistently and earnestly presented in almost every proceeding relating to intoxicants which comes before the courts of original jurisdiction, and the newspaper reports of the day indicate that it is the subject of violent debate in other forums. Courts of limited jurisdiction, like that in which this opinion is written, are anxiously awaiting the decision of the more authoritative tribunals of the State.

Chapter 5, section 117a, of the Code of Criminal Procedure, whose purpose is the enforcement of laws relating to intoxicating liquors, provides, in subdivision 5, that whenever a peace officer shall *discover* any person in the act of transporting intoxicating liquors unlawfully, in any vehicle, " it shall be his duty to seize " the same; and subdivision 6 provides, that whenever a peace officer shall *find* any person in the act of illegal sale, possession, or transportation, outside of his private dwelling, he may, without warrant, seize the same.

It is the manifest intent of these provisions that when an officer actually *finds* or *discovers* the direct proof of illegal possession or transportation, he may *seize,* without warrant, except where the place is a private dwelling; but it is not entirely clear that the Legislature intended to authorize a *search,* as the means of *discovering* or *finding,* without warrant and without process of any kind.

If the latter were the purpose of the act I could not avoid the conclusion that it would violate the settled and traditional policy of the fundamental law of the land, transcending the express mandate of the Fourth Amendment to the Constitution of the United States, which declares: " The right of the people

to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

I make this statement with some confidence because the decisions of the highest courts of the State and nation are undoubtedly to this effect, in their insistent defense of the right of the citizen to be protected from search and seizure without warrant.  The cases are so numerous and familiar that their discussion at this point could serve no useful purpose; and I appreciate, moreover, that this opinion can have no other value than as a method of indicating the reasons for the decision about to be made, in the event that the case shall be reviewed in a higher court.  Among the decisions which appeal to me as very much in point are United States v. Slusser (270 Fed. Rep. 818); Boyd v. United States (116 U. S. 616); Flagg v. United States (233 Fed. Rep. 481); Silverthorne Lumber Co. v. United States (251 id. 385); Amos v. United States (April 1, 1921).

As it would be unseemly and unwise for a court of such limited jurisdiction as that in which I labor to so construe a statute of the State as to destroy it; and, believing, as I do, that any legislative enactment authorizing search and seizure without warrant would be unconstitutional and void, I decline to so interpret the provisions of the Code of Criminal Procedure under which this proceeding is brought; preferring rather the conclusion that it is only where an officer, without invasion of the rights of the citizen, has actually discovered and found the evidence of unlawful possession, he may seize and arrest without warrant or other process, for this would be but his common-law right and duty, in any case where a crime is actually committed in his presence.  (Code Crim. Proc., § 177.)

In support of this ruling I find an opinion of the Attorney General written May 4, 1921, from which I may properly

quote at length: " It should be noted that the provisions quoted authorize two acts upon the part of the peace officers based upon the same state of facts.   It provides that when he shall discover any person in the act of transporting intoxicating liquor, it shall be his duty to seize the liquor so transported, and that when he seizes the liquor, he shall also seize the conveyance and arrest the person in charge thereof.

" At common law, a person can be arrested for a misdemeanor only when it was committed in the presence of the person making it.   Under the language quoted, it seems to me that the common law powers of the officer are not extended by the provision that he shall make an arrest and a seizure when he shall discover a person in an illegal act.   The statute does not authorize the seizure or the arrest where he has a suspicion that the law is being violated, or where he has information only, although if put in proper form, it would form the basis for the issue of a warrant.

" I think the officer cannot be said to have discovered a person in the illegal act, unless he has personal knowledge of it. *I believe, therefore, that a peace officer has no right to stop an automobile or other conveyance for the purpose of ascertaining whether it is being used as a means of transporting liquor illegally."*

In other words, if an officer actually sees or has before him direct tangible proof that liquors are being transported unlawfully in a given vehicle, he may seize that vehicle and the contents thereof and arrest the person in charge.   In such a case he *finds* or *discovers* within the meaning of the statute.   But if he merely suspects or believes, or without suspicion or belief seizes and searches for the purpose of obtaining knowledge, his act is unjustified and unwarranted by the statute; for if the statute should be otherwise construed it would be, in my opinion, unconstitutional and void.

As this court mentioned in a previous decision (Rapaport Case, 116 Misc. Rep. 252), to thus limit the power of a peace

officer makes difficult the enforcement of a law whose strict enforcement is undoubtedly a matter of grave public policy; but this is far better, in the final analysis, than the establishment and encouragement of a practice which would dishonor and transcend the basic and fundamental principles of our constitutional form of government.

This leaves then the question, so often arising, as to what shall be done when the officers, in a case like the present, have actually searched and seized without warrant and have found the evidence, or the probable evidence, of the commission of a crime.    Upon this question it is true the courts have frequently held that in the trial of criminal indictment they will not inquire into the methods by which evidence has been secured; but in cases similar to this, where evidence against the accused has been secured in violation of the constitutional provision relating to search and seizure, and the question has been presented to the court by preliminary motion, or collaterally, the holding is uniform that it is the duty of the court to order the goods and properties seized returned to the owner, thus restoring him to the status which was his at the moment of the invasion of his constitutional rights.    (Weeks v. United States, 232 U. S. 383; Amos v. United States, April 1, 1921; Silverthorne Lumber Co. v. United States, 251 U. S. 385; Matter of Horschler, 116 Misc. Rep. 243.)

For the reasons thus stated, and after that careful consideration which is merited by the grave importance of the questions involved, I can arrive at no other conclusion than that it is the duty of this court to dismiss this proceeding and to order the automobile and the contents thereof returned to the claimant; but it must be understood that what I have said here shall in no way affect any other proceeding which is or may be pending as the result of the arrest made in this case.

Ordered accordingly.