In the Matter of the Application of MORRIS DENEMARK for an
Order Compelling the Sheriff of Oneida County to Return to
Him One Ford Truck.

County Court, Oneida County, May, 1922.

**Intoxicating liquors — owner cannot recover automobile used in unlawful
transportation of liquor on ground that he did not know that it was
to be used for such purpose.**

In the early hours of a July morning a party of several young men as they were,
with the aid of an automobile truck, about to deliver liquor at a saloon, were
apprehended by deputy sheriffs and in the melee which ensued one of the
deputy sheriffs and one of the party of young men were killed. The automobile
was seized by the sheriff and the young man who drove it received several
bullet wounds and upon a plea of guilty to illegally transporting intoxicating
liquors was fined. Upon an application by his father for an order for the
return of the truck which was detained by virtue of section 802-b(5) of the
Code of Criminal Procedure, upon the theory that the truck was only loaned
to his son, the petitioner stated that his son was engaged in the buying and
selling of produce and had access to the garage where the truck was kept, and
that petitioner had no knowledge or information that the truck was being used
in violation of law. *Held*, that the application will be denied, and the sheriff
directed to proceed with the sale of the truck, according to law.

MOTION for an order requiring the sheriff of Oneida county to
return to the claimant one truck which had been seized upon a
claim that it was engaged in the illegal transportation of intoxicating
liquor.

*Lee, Dowling & Brennan*, for motion.

*William R. Lee*, district attorney, opposed.

HAZARD, J. In the early hours of the morning of July 8, 1921,
several deputy sheriffs of this county apprehended a party of
several young men as they were, with the aid of the truck in ques-
tion, about to deliver some liquor at a saloon in this city. In the
melee which ensued two men were killed, one of the party engaged
in transporting the liquor, and one a deputy sheriff. The auto-
mobile truck in question was seized by the sheriff and has been in
his custody ever since. This application is made on the part of
the father of the young man who was the driver of the truck. The
young man himself received several bullet wounds and subsequently
pleaded guilty in this court to illegally transporting intoxicating
liquors and received the maximum penalty, a fine of $500. His
father now makes this application, setting forth, and I may say
proving to my satisfaction, that he was the owner of the truck in
question and asking that an order may be made requiring the
sheriff to deliver it to him. The application is founded upon the
theory that the truck was only loaned to the son, Nathan Denemark,

who he says, " was engaged in the buying and selling of produce and had access to the garage, 1302 Bleecker street, where the said truck was kept, and had permission to use said truck for his said business. * * * That your petitioner had no knowledge or information that the said truck was being used for the transportation of intoxicating liquors in violation of the laws of the United States or the State of New York."

The truck and its cargo of liquor was seized, and the truck is detained by virtue of the provisions of section 802b of the Code of Criminal Procedure, and paragraph 5 thereof contains that part of the procedure which we are interested in. It is provided that where liquors are being illegally transported the peace officer shall seize the same, together with the vehicles in which the same are being transported, " and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized." The question is thus presented squarely as to whether a claimant as the owner of a vehicle, who shows that he loaned it to what is known as " a bootlegger " may, upon making a claim of a lack of guilty knowledge of the bootlegging operations, thereby entitle himself to exemption from that provision of the law which exacts a forfeiture of the vehicle used in the illicit transportation.

I may say at the outset that if this construction of the law is to be accepted, it will in effect nullify the provision of law in question, as any person engaged in the business of bootlegging could doubtless find an accommodating friend or relative who would loan him a car for some perfectly innocent purpose, and he could then proceed with safety to use it for the real purpose. It would be impossible in practically every case, as it is in this one, to prove the guilty knowledge in the mind of the owner or of the alleged owner. No attempt is made to do so in this case. However, it is a fact that the claimant's son was engaged and apprehended, as above outlined, at an hour approaching two o'clock in the morning, a fact which one would think might have led the claimant to suppose that there was some doubt about his son being " engaged in buying and selling produce."

It seems to me that by the clear wording of the statute, the burden of proof in establishing " good cause to the contrary " is cast upon the owner, and the question is as to whether he has met that burden. It must be kept in mind that the infraction of the law for which the young man was apprehended was not a trivial or casual one. It was not like a case of the transportation of a bottle or two of liquor, for home consumption, by some citizen suffering from real or fancied thirst. The freight of the truck was

a large barrel of alcohol, and its destination was an illicit saloon. It was a clear case of professional bootlegging, of deliberate law breaking, unfortunately accompanied by the loss of two lives as a direct result of the lawlessness. Under the circumstances of this case I do not feel that I can reach the conclusion that the claimant has met the burden of proof of showing " good cause " why the law should not take its usual course and the prescribed penalties be imposed.

The only case which has been cited in favor of the claimant is that of *State of New York* v. *One Hudson Cabriolet Automobile*, 116 Misc. Rep. 399. The case is more or less in point, but I do not feel that it is or should be authoritative. It is illustrative of the length to which some courts will go in an apparent effort to throw the protection of the laws and the Constitution around law-breakers. It is my own idea that nobody has a right to deliberately break the law, and that it is absurd to hold that a peace officer has no right to apprehend one so engaged when he is caught in the act and " with the goods on him." I do not think that the Constitution, or the laws, either, were designed to throw a mantle of protection around law-breakers and criminals, and I shall never hold to that effect unless compelled to do so by controlling authority.

The application will, therefore, be denied and the sheriff directed to proceed with the sale of the truck in question, according to the provisions of the law.

Ordered accordingly.