THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ADOLPH MANDEL, Defendant.

(Supreme Court, New York Special Term, April, 1915.)

Indictment — engagement as steamship ticket agent — appointment as receiver in bankruptcy — obtaining books, papers, etc., when not within scope of constitutional inhibition — evidence.

While defendant was engaged in business as a steamship ticket agent and receiving deposits of money both for transmission and subject to withdrawal on demand; the superintendent of banks took possession of said business and property, including defendant's books, papers and memoranda, and was appointed temporary receiver in bankruptcy of defendant who was indicted for a violation of section 295 of the Penal Law in receiving a deposit of money as a private banker when he knew he was insolvent, and his application for an order directing the district attorney to return to defendant or the receiver in bankruptcy all said books, papers, etc., which defendant claimed were his own personal private property and restraining the district attorney from in any manner using said books, papers, etc., or any information obtained therefrom on the

trial of said indictment or in any criminal proceeding pending or at any time to be brought against defendant, will be denied.

Books, papers and documents obtained from the control of a defendant in a criminal action without the use of process against him as a witness are not within the scope of the constitutional inhibition of his being compelled to be a witness against himself, and may be used as evidence against him.

APPLICATION by defendant for an order directing the district attorney of the county of New York to return all books, papers, etc., obtained by him from the superintendent of banks.

Charles A. Perkins, district attorney, for the people.

Berger, Diamond & Abrhams, for defendant.

PAGE, J. The defendant for many years was, prior to August 3, 1914, engaged in business at No. 155 Rivington street, in this county, as a steamship ticket agent, and received deposits of money both for transmission and subject to withdrawal on demand. On August 3, 1914, the superintendent of banks took possession of the business and property of the defendant, together with his books, papers and memoranda. On November 11, 1914, a petition of involuntary bankruptcy having been filed in the United States District Court, Eugene Lamb Richards, the superintendent of banks, was appointed by said court temporary receiver of the defendant, and is now in possession as such receiver of the books, papers and memoranda of the defendant. There have been found four indictments against the defendant, and one, charging violation of section 295 of the Penal Law — *i. e.*, receiving a deposit as a private banker when he knew he was insolvent — has been set for trial in this court on April 12, 1915. On that trial the district attorney practically concedes that Eugene Lamb Richards will permit the use by the district attorney of certain of the books,

papers and memoranda as evidence to establish defendant's insolvency and defendant's knowledge of insolvency, and that the district attorney intends to so use them. This is an application by the defendant for an order directing the district attorney of the county of New York to return to the defendant or to Eugene Lamb Richards, the temporary receiver of the defendant, all the books, papers, checks, records, memoranda and paper writings of every description whatsoever now in possession of the district attorney of the county of New York and obtained by him from the said Eugene Lamb Richards, which property, it is claimed by the defendant, is his own personal, private property; and, further, that the district attorney of New York county be restrained from in any manner using the said books, papers, checks, records, memoranda or any copies thereof, or any excerpts therefrom, or any information obtained therefrom on the trial of the indictments now pending against the defendant, or in any criminal proceeding now pending or at any time to be brought against the said Adolph Mandel in this court. In support of this application the defendant contends, *first,* that the superintendent of banks had no power or right to take possession of the place of business of the defendant and was not entitled to the possession of any of his books and papers. Without reviewing the ingenious argument of counsel, I am of opinion that his contention is not well founded. Section 57 of chapter 369 of the Laws of 1914 was in full force and effect and applicable to the defendant on the 3d day of August, 1914, and by virtue thereof the superintendent of banks legally took possession of the defendant's business and property. The lawfulness of the possession of the temporary receiver of the United States District Court of the books and papers pursuant to an order of that court cannot be ques-

tioned on this application. *Second,* the defendant
contends that the turning over of the defendant's
books, papers and memoranda to the district attorney
and the contemplated use of them upon the trial
violates the defendant's constitutional rights and im-
munities. In support of his contention he invokes the
Fourth and Fifth Amendments to the United States
Constitution and section 6 of article 1 of the New
York State Constitution. The Fourth and Fifth
Amendments to the Constitution of the United States
are binding only upon the federal government and its
agencies and are not a limitation upon any of the states.
The rights or immunities which it creates, therefore,
are rights and immunities against federal but not
against state interference or abridgement. *Twining* v.
*New Jersey,* 211 U. S. 78, 88; *People* v. *Adams,* 176 N. Y.
351, 356. The question remains: By the contemplated
use of these books and papers is the defendant com-
pelled in a criminal case to be a witness against him-
self in violation of the inhibition of article 1, section
6, of the state Constitution? It will be observed that
it is not alleged that the defendant has been subpœ-
naed, nor has any testimonial process been issued
whereby he could be compelled to be a witness, nor any
process whereby he would be required to produce books
and papers in his possession. Nor was any process of
search and seizure issued for the purpose of securing
his books and papers for use against him on the trial.
There is therefore no compulsion for the defendant in
any sense to be a witness against himself. '' The
history of the constitutional provision referred to
clearly demonstrates that it was not intended to reach
a case like this. The main purpose of the provision
was to prohibit the compulsory oral examination of
prisoners before trial, or upon trial, for the purpose of
extorting unwilling confessions, or declarations im-
plicating them in crime.'' Earl, J., in *People* v. *Gard-*

*ner,* 144 N. Y. 119, 128. To extend this wise and salutary principle to surround not alone the défendant, but his books, papers and memoranda, with the constitutional protection so that they may not bear witness against him, seems to me absurd and unreasonable. Defendant's counsel contends that this question has never been squarely raised and determined in this state; that in *People* v. *Adams,* 176 N. Y. 351, and in *People* v. *Spiegel,* 143 id. 107, the question was not properly presented in that in the first the court held that the question of how the papers came into the possession of the district attorney was a collateral issue which would not be litigated upon the trial. That may be so as to the question of search for and seizure of papers but that criticism does not apply to the court's determination of the constitutional question. See pp. 358, 359. In the second it is true that the court determined that as no objection to the admission of the books was urged below, it would not be considered upon appeal, and this renders any remarks in the opinion as to what would have been the effect of such objection *obiter dicta.* In my opinion the law in this state is settled that the provision in the Constitution that: " No person * * * shall be compelled in any criminal case to be a witness against himself " protects a person from any disclosure sought by legal process against him as a witness; that he cannot be compelled to produce books, papers and documents by subpoena, order for production or any process which treats him as a witness, but that books, papers and documents obtained from the person's control without the use of process against him as a witness are not within the scope of the privilege and may be used evidentially against him. See Wigm. Ev., §§ 2263, 2264. The motion is therefore in all things denied.

Motion denied.