THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICK CHIAGLES, Appellant.

Third Department, March 15, 1923.

**Crimes — district attorney will not be compelled to return papers taken from person lawfully arrested.**

The district attorney, into whose possession the police have delivered papers taken from the person of one lawfully arrested for the crime of arson, will not be compelled to return the papers to the prisoner, since private papers and documents may be legally taken from the person of one lawfully arrested, and the use thereof in evidence does not involve a violation of the constitutional guaranty that no person shall be compelled to be a witness against himself.

HASBROUCK and KILEY, JJ., dissent, with opinion.

APPEAL by the defendant, Nick Chiagles, from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of Fulton on the 3d day of November, 1922, denying his motion to compel the district attorney of said county to return to the defendant two letters taken from him after he had been arrested upon a charge of arson.

*Horton D. Wright*, for the appellant.

*J. William Titcomb, District Attorney*, for the respondent.

H. T. KELLOGG, Acting P. J.:

The proposition that private papers and documents may legally be taken from the body of a person lawfully arrested upon a criminal charge seems fairly well established. (See notes to 59 L. R. A. 465; 8 L. R. A. [N. S.] 762; 18 id. 253; 34 id. 58; L. R. A. 1915 B, 834; L. R. A. 1916 E, 714.) In *Smith* v. *Jerome* (47 Misc. Rep. 22) it was said by GAYNOR, J.: " The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested." The further proposition that the mere act of introducing seized papers in evidence, whether their seizure be lawful or unlawful, does not involve a violation of the constitutional guaranty that no person shall be compelled to be " a witness against himself " (State Const. art. 1, § 6) is equally well settled. In the case of *People* v. *Adams* (176 N. Y. 351) private papers seized from the possession of an accused person, upon a search of his office desk, were held to be admissible in evidence against him. The court said: " In the case at bar, the defendant was not sworn as a witness, nor was he required to produce any books or papers. So far as this case is concerned, as already pointed out, the manner in which the witnesses for the People became possessed of the documentary evidence is a matter of no importance. We are of the opinion, therefore, that the defendant was not, in any legal sense, called upon to be a witness against himself in this criminal proceeding." In saying that the defendant was not " required to produce any books or papers " the court undoubtedly had in mind the fact that he was not so required by subpœna, and, therefore, that since he had never enjoyed the character of a witness, no compulsion was exercised against him as such. In *People* v. *Mandel* (90 Misc. Rep. 174) it was said by PAGE, J., that the constitutional provision merely " protects a person from any disclosure sought by legal process against him as a witness." That is the view expressed by Professor Wigmore who, in section 2263 of his work on Evi-

dence, says: " In other words, it is not merely compulsion that is the kernel of the privilege, in history and in the constitutional definitions, but *testimonial compulsion;* " and again says: " The privilege protects a person from any disclosure sought by legal process against him as a witness." The decision made in *Boyd* v. *United States* (116 U. S. 616) does not conflict with this view. In that case the admission in evidence of certain private papers was condemned, but their production upon the trial by the person possessing them had been secured by a court order, so that the " compulsion " exercised was " testimonial." The seizure in our case consisted of removing from the person of the defendant, while lawfully under arrest, certain letters which may be incriminating. It is clear that these letters cannot be ordered returned on the ground of the unlawfulness of their seizure. It is equally clear that the defendant has not as yet been made a witness against himself, and that he will not hereafter be made such a witness through the introduction of the letters in evidence. Consequently, the papers cannot be ordered returned upon the theory that their use has offended or will offend against the constitutional provision protecting the accused from self-incrimination. It is urged that the letters will not be admissible in evidence because not written by the accused. It is entirely conceivable that the conduct of the defendant in dealing with the letters may make them competent. Their admissibility as competent and material proof will become a matter for decision by the judge who tries the case. It would be premature to decide the matter now. Therefore, it seems to me that the order should be affirmed.

VAN KIRK and HINMAN, JJ., concur; HASBROUCK, J., dissents, with an opinion, in which KILEY, J., concurs.

HASBROUCK, J. (dissenting):

I dissent from the conclusion reached by the presiding justice upon the order denying the motion for the return of the letters taken compulsorily from the pockets of the defendant upon his arrest. The letters are the defendant's property. Their possession can only be denied him on the ground that the public has a superior right to them.

The only right that the public can claim to retain them, that I can see, would be the right to use them in evidence against the defendant upon the trial for the crime of which he has been accused. I maintain that such a use cannot be made of them.

The Constitution of the State of New York (Art. 1, § 6) provides: " No person shall be * * * compelled in any criminal case to be a witness against himself." (Civil Rights Law, § 8.)

The presiding justice holds that testimonial compulsion does not arise until the defendant becomes a witness.

The effect of this argument is to render secure the possession of the letters in the hands of the district attorney until the time of the trial, when he may offer them and rob the accused of his constitutional right by invoking the rule of the trial that the court will not indulge an inquiry in the collateral matter of how the people became possessed of the letters.

I think the law remains as Mr. Justice BRADLEY, imbued with the spirit of the National Constitution, analogically laid it down. The Constitution since Marshall has had no greater interpreter. Mr. Justice BRADLEY writing for the court says: "We have been unable to perceive that the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself." (*Boyd* v. *United States,* 116 U. S. 633; *Laughter* v. *United States,* 259 Fed. Rep. 98; *Youman* v. *Commonwealth,* 189 Ky. 152; 224 S. W. Rep. 860. See American Bar Association Journal, Aug. 1922, vol. 8, p. 479 *et seq.*)

What difference does it make whether the seizure be by the process of search and seizure, by subpœna, by order of a magistrate under section 813 of the Code of Criminal Procedure, or by the right of the custodial officer under the common law at the time of making an arrest? What vitiates the act of any such seizure is its compulsion and the purpose to use the letters as evidence.

If Mr. Justice BRADLEY is right in stating that there is no difference in seizing papers for the purpose of using them against the defendant as evidence on a criminal trial and compelling him to be a witness against himself at the trial then the district attorney should be divested of the possession of these letters for he has sworn in answer to the petition herein for their return, that the letters seized are material, competent, relevant and incriminating evidence against the defendant.

Since the law as laid down in *People* v. *Adams* (176 N. Y. 351) is that no defendant can avail himself of his constitutional right not to be compelled to be a witness against himself by letters taken from his pocket against his will except by moving the court in advance of the trial to have his letters returned, the defendant here will suffer the denial of his constitutional right if his motion is denied.

I vote for reversal.

KILEY, J., concurs.

Order affirmed.